will now take up for argument 0855114, Reynolds v. Philip Morris. Each side will have 15 minutes. Good morning, Your Honors. May it please the Court, Daniel Collins Munger, Charles and Olson, on behalf of Appellant Philip Morris, USA, Incorporated. The district court in denying summary judgment in this case made a fundamental legal error in construing the California gift certificate statute. Rather than use the plain meaning of the term gift certificate to construe the scope of that term, a plain meaning that no one disputed what the plain meaning was when Philip Morris presented it, the district court construed an exception to the statute in subsection D1 as, in effect, creating a special definition that made the term gift certificate now include anything that was given out pursuant to an awards loyalty or promotional program. Let me ask you this. Is it your position that Marlboro Miles' program is not subject to Cal Civil Code Section 1749.5 because the miles were not sold and because the miles do not retain all of the characteristics of cash? And if so, can you explain the role of subsection D1 in the statutory scheme of Section 1749.5? Yes, Your Honor. We make two independent arguments. We say that they're not gift certificates because they don't meet the traditional term of gift certificates. That point was never really disputed. The only point of dispute that the plaintiffs made and that the district court relied on was this issue about whether or not D1 created a special definition of the term gift certificate. We also independently make the argument that they're not sold. And I think both of those are key to the fundamental policy of this. And the D1 exception makes sense when you look at that policy. Let me explain what that policy is, and then I'll explain what the D1 exception functions for. The policy of this, as described in the legislative history, and I think is common sense reflected on the face of the statute, is that there is an unfairness if you've gotten full dollar-for-dollar compensation for a gift card. I don't really care about common sense if the statutory language is clear. So help me with the plain language. The plain language. The legislature doesn't necessarily have common sense. I mean, so, but they, but if the language is plain, whether it's common sense or not, we've got to follow the plain language. Well, D1, what it does is it says that a gift certificate that is issued to a consumer without anything being given in exchange is excluded if it has the expiration date on it. What that allows is something that otherwise would be forbidden, and that is a common practice that's reflected both in our own program and more to the point in other programs, such as the American Express Membership Rewards, which was, we attached those and submitted those in the record on summary judgment. So, for example, in the American Express Rewards Program, the Gap and all kinds of other retailers sell their gift certificates with expiration dates to American Express, which then gives them out to American Express cardholders who have earned points. They can choose that as a reward. Because of the passive language on the sale prohibition in this statute, it doesn't limit its prohibition to retail-level sales. So the wholesale sale from the Gap to American Express with an expiration date would be forbidden by the statute except for D1. D1 takes that out of the statute. So that saves that provision from surpluses. Because that was another of their arguments, was that, well, if this didn't – if gift certificate didn't extend this far, then D1 would have no purpose. No, D1 serves – it's a relatively narrow purpose, but so are the other exceptions in D, you know, for food items or for the charity certificates. Those are also fairly narrow, but it saves it from surpluses. And looking at the language of D1, it repeats the term gift certificate. So it excludes from the statute gift certificates that have these other features. If you repeat the term in the exception and then say it must also have these other features, you can't reasonably read that as defining the term as equivalent to the other features. It just means within the universe of gift certificates, we're going to carve out a subset of them, we're not going to further define what gift certificate is, and if it has additional features, then it's out. And it just was a simple error of law to say that that defines a gift certificate as anything that has those additional features. And it makes no sense of the statute. It extends its scope in ways that there's no indication that the statute was aimed at, that are inconsistent with the purpose of it. Well, so, but your definition of gift certificate doesn't appear anywhere. You're just saying it's a common-sense definition of gift certificate? I think it is. In the absence of a special definition of a statutory term, what the California case law says is you look to the ordinary meaning of the term. And here I think there really is a clear convergence. If you look at the dictionaries that we cited, if you look at what other States have done in the term gift certificate, if you look at the legislative counsel opinion, because shortly after this statute was enacted, they wanted to make some cleanup amendments, and there was a specific issue about bartering between corporations. And so a legislative counsel opinion was obtained on that question. The legislative counsel opinion gave, again, saying it's not defined, and so we'll look at what the ordinary meaning of the term is. And their definition is very consonant with the one that's in the dictionaries and in other State laws. And there is a canon of construction in California that ---- to any of the following gift certificates issued on or after January 1st, 1998, provided the expiration date appears in capital letters in less than ten points. Gift certificates that are distributed or issued to a consumer pursuant to an awards whale, they're promotional. Yes. But it still has to be a gift certificate in the first instance. Exactly. So, for example, the ---- if you look at the language of ---- of A, it is unlawful for any person or entity, so say I'm the GAP, to sell a gift certificate to a purchaser ---- it doesn't say consumer, an American Express is a purchaser ---- that contains an expiration date. That would be ---- would bar the GAP from selling the certificate to American Express to give as a reward in an American Express's program. D-1 takes that out because the gift certificate, the GAP gift certificate, is issued ultimately to the consumer and it's pursuant to an awards. It doesn't say the issuer's awards program, so it acknowledges the fact that there can be that disparity. An awards, loyalty or promotional program without any money or other thing of value being given in exchange. The GAP got nothing from the consumer for that. So it fits it perfectly, covers that situation, carves it out. There is a need to carve it out or it would be prohibited by the language of A. So it doesn't ---- and it is in a situation where if we didn't give an odd meaning to the term gift certificate that's beyond its ordinary meaning, it is in a situation where the exception would not in fact apply. If you use the ordinary sense of gift certificate that I've just described, the GAP gift certificate, it fits the language perfectly, makes sense of it and it saves it from surplusage. So, therefore, there's nothing on the face of the statute that indicates in any way an intent to depart from the plain meaning of the term gift certificate. So the controlling meaning is the plain meaning of the term gift certificate. It was never really disputed what the plain meaning was, that it has the features that we've suggested, that it has to be a certificate, it has to certify something, it has to entitle the holder of it to goods and services in a specified amount. And none of those features are met here. Indeed, the plaintiffs rested their entire argument on this D-1 argument. Let me ask you a question. Go ahead. I defer to you. Okay. How can you say, however, that these coupons, proofs of purchase, gift certificates, whatever you want to call them, are not sold? In other words, if I were a smoker and I see a pack of camels, I see a pack of Marlboro next to each other, and Marlboro, I get these points, I buy enough of them, I can get a barbecue set or something like that, and I pay for that. And I buy Marlboro, just like your company wants me to, your client wants me to, because they have the gift certificate. How can you say they're not sold? Because I'm giving money for not only the cigarettes, but the gift certificates. I think the ---- I haven't stolen them. You told me already they're not a gift. What's the other alternative? The ---- I think, first, I do want to emphasize that this is an alternative argument. It is not ---- I understand. I understand. It is not contingent. The gift certificate argument is a loan dispositive. But it's not sold. And I think the Wall case, the trial court recognized this in the Wall case. The trial court said that the bonus cards that Circuit City gave out there were not sold, because you ---- That's not a published case, though, is it? It's not a published case. But this Court has indicated that when there's nothing else on point, it can be used for whatever persuasive value. It is not controlling, but I think it has some persuasive value. I don't think that anyone who purchases Marlboro cigarettes, even if their purchasing decision is influenced by the fact that you may get something for free, thinks that I purchased some Marlboro miles today. I purchased my ---- That can't be true. You hear people all the time, oh, I want to use my American ---- I'll pay for everything, and then you pay me cash because I want to get the miles on my American Express card. But I don't think that they think that I just bought some miles when they did that. I pay ---- But people all the time in restaurants want to pay for everything because they want to get the miles. Undoubtedly, because it's good to get something for free. That's precisely what people want. I will ---- But you don't feel like you get it for free. You pay $150, and your part might have been 30, and then everyone else chips in theirs. I mean, you're still paying your part. But you're paying ---- the price is unaffected. And I think that that point is important here. The evidence was undisputed that the price of Marlboro Miles was ---- that the price of Marlboros was unaffected by whether the Marlboro Miles ---- But you get the sale. You get the sale. I use my American Express card to get the miles as opposed to using my Visa card where they can take whatever percentage that they do. I mean, you get the sale, and plus, then I get the miles. They're not going to take up smoking to buy Marlboro Miles. I'm going to tell you that right now. I mean, we don't have them on the packs anymore. I've not had them since 2006. But you're purchasing the cigarettes, and you get something gratuitously with that. Here, it, in fact, is a UPC with five miles on it. I mean, the five miles is just a fanciful way of saying ---- of having a ---- it's a fancy designation for a proof of purchase. You've only got three minutes left, and I just wanted to ask you very quickly, if you could give me a quick answer. The only issue certified for this interlocutory appeal is the one we're talking about now. Is that right? Well, the Yamaha case makes very clear that the Court has jurisdiction over the entire order. You need to have a certified issue that meets the 1292 criteria, but the entire order is before you. The Yamaha case in the Supreme Court is quite clear on that. And so you should not, I would suggest, limit to just that specific issue, because it's clear, once that issue is decided, that the rest of the case falls apart, and this should just be standard. The second question is, earlier on in the case, you requested that we certify the question to the California Supreme Court. Is that still ---- We had raised that possibility when we filed the 1292B petition, and Your Honor was on the panel that granted that. Right. When we did the merits brief, we did not ask for that. I think, frankly, the issue is ---- Isn't it kind of narrow? It is fairly narrow. It's not going to affect ---- I don't think they're going to be interested. It's also, I think, fairly clear. I think if you look at the principles of California law, even though there isn't a controlling decision on this specific question, I think the answer is sufficiently clear as to the scope of the term gift certificate, that certification is not going to be efficient. Got it. Thank you. I reserve the rest of my time. Thank you, Your Honor. Thank you. Good morning, Your Honor. Good morning. I'm going to please the Court. Norm Blumenthal on behalf of Courtney Reynolds. We're the plaintiff and appellee in this action. Your Honor, Plaintiff Courtney Reynolds collected Marlboro Miles' certificate. No expiration date on the certificates or the annual catalogs at the time of purchase. Only subsequent thereto were Marlboro Miles' certificates subject to the ex post facto unilateral termination by Philip Mars. Philip Mars, there's a preceding case, Philip Mars v. Cigarettes for Less. In Philip Mars v. Cigarettes for Less, Marlboro Miles were conceded by Philip Mars to be a value added, and the value was estimated by Philip Mars' expert as 4 cents a mile for each retail pack. Now Philip Mars claims that it's not a value added. Interesting point that was raised by Mr. Collins was that the judge never addressed the plain meaning of gift certificates. That's incorrect. Judge Houston noted that there was a definition of gift certificates which was broadly defined in American Heritage Dictionary as, quote, a certificate usually presented as a gift that entitles the recipient to select merchandise of an indicated cash value at a commercial establishment. Mr. Collins also noted that, talking about American Express Rewards, American Express is not the issuer of the GAAP reward. He didn't bring up the other example that he used in his brief, which was the Omaha Steak. This certificate also fails because it falls within D3 of 1749.5 as a perishable food. Even if it fell within D1, Philip Mars is not the issuer of the Omaha gift certificate. Thus, the only examples contrived by Philip Mars do not even apply to their construction of subsection D. Why are these things gift certificates at all instead of like box tops? They're gift certificates because they're a loyalty program under the statute. If you look at the statute itself, the statute defines them as gift certificates. I don't define them as gift certificates. Well, no. It says gift certificates. This section, by definition, if you look at the gift certificates, in the broad definition, it's broadly defined as a certificate usually presented as a gift that entitles the recipient to select merchandise of an indicated cash value at a commercial establishment. The broad definition of gift certificates is that broad. And they don't define it in the statute, but the statute itself then says if you're going to issue a gift certificate pursuant to the rewards of a loyalty program, if you want it to expire, you can put an expiration date on it. If I'm a cereal company and I say you send in five box tops and you'll get a swell prize, you'll get a Dakota ring or something like that, under your theory, that box top would be a gift certificate? Under my theory, if you were asking them to send it in to have a prize, a reward that would have to be accumulated, it has to have a cash value. That's not necessarily a gift certificate because it has no cash value to it at the time of issuance. What you're doing is you're trying to get somebody to say, okay, keep buying these, accumulating these, putting them together for your choice of a reward. And the reason it's important that Judge Houston note it, it's an incentive program. Suppose they said send in the empty packs. Would that be you send in ten empty packs and you get a barbecue set? Would that be a gift certificate? No, because there's no incentive program. There's no catalog. You aren't in a position where you're acquiring different items. Here, it's an incentive program. Suppose they send in ten empty packs and you get your choice of a barbecue set or a pocket knife. Well, the question is whether or not it's distributed to the issuer, to a consumer, pursuant to an awards, loyalty, or promotional program, without any money or other thing of value being given in exchange for a gift certificate. If that's what it is, if that's what it was, that would be correct. I'm here for Marlboro Miles. Marlboro Miles, according to Judge Houston, we agree with. Under our case, there is a value. Philip Morris has admitted that they're worth four cents each. Philip Morris issues a catalog. Philip Morris has put this out. Their catalog was as big as L.L. Bean. They were competing against Camel Cash Coupons. And what they were doing was trying to get the market in this share. California legislation, which Mr. Collins talks about, is the 1996 amendment. In 1996, if you look at the comparison between the laws, the difference between them, the law first said, prior to the 1997 amendment, it excluded all types of gift certificates. It said that gift certificates that are distributed to the consumer for promotional purposes, without any money or other thing of value being given in exchange to the consumer, they weren't included. And now, in 1998, as of 1998, the 1997 amendment, it puts it in. Under statutory construction doctrines of expressio unius exclusio alterius, if, where is here, an express exception to the rule is in the statute, the court cannot imply other exceptions. Therefore, Philip Morris's argument that gift certificates should be narrowly construed as only being purchased by a consumer from a retailer, as the only form of gift certificates covered by the statute, would improperly imply new exceptions to the rule and would conflict with the express language. Moreover, such construction would render D-1 meaningless. That means that whether you had an expiration date on it or you didn't have an expiration date would be meaningless, so there would be no reason for the legislature to pass C or amend C. The reason C was amended is quite clear, because if you look at this, just look at it in terms of the tax increases on cigarettes. We can only assume here that Philip Morris would closely follow this decision to see if Philip Morris could once again issue Marlboro Miles currency with a value of 4 cents per pack to brand purchases without an expiration date to give these consumers some form of added value for their product, which, if need be, can later be expired without any advance notice. And that's exactly what they did here. They didn't put it in their catalog even that there was any expiration date. They just ran it out for years and then finally said it's expired. A successful free market capitalist system to work relies on both ethics and regulations. As we have seen recently, absent regulations and ethics, it will fail. Where would you be, Mr. Blumenthal, if you didn't have D-1 in the statute? In other words, if you just had Section A that says district because B and C, no D-1, no exception. The thing that you seem to be relying on is an exception to the definitions that are no definitions, but to the statements that are in subsection A. Where would you be if no D-1 was there? Well, first of all, Your Honor. Do you understand my question? I think I understand your question. If there was just – in other words, I think what you're saying is – I'll explain it a little bit more. It seems to me that you're really using D-1 as an argument to cause Philip Morris to recognize these as gift certificates, ignoring the fact that the word gift certificate is used in A. Are you with me? Yes, Your Honor. Okay. Okay. Where would you be without D-1? Well, with D-1, the argument would be that these gift certificates could not have an expiration date, would be the argument, would be that basically they'd be just like gift certificates that are otherwise issued. So that the argument would be these could very well be argued, as you mentioned, Your Honor, as sold certificates because of the added value to it. So we have an argument where statutory construction of A would be there's no expiration date. D-1 was originally put in, as it has existed, to say, okay, we're going to exclude all of those loyalty programs from the statute. Then they backed off and said, well, we can't really do that, so we're going to say, okay, we'll leave them in, but they've got to have an expiration date on them, or they'll be part of A. The answer to my question, then, I guess, is that these coupons are gift certificates. Yes, Your Honor. Without D-1. Without D-1. Without D-1, they're gift certificates, and D-1 originally said they weren't gift certificates, and then D-1 said, no, they can be, they're gift certificates, and you can, but they're the kind that you can expire. But if you don't expire them, they're going to last as long as the statute of limitations runs. In other words, they'll do, people will do exactly what Joe Marsh does. They'll run out the cards and hope nobody sues them. In this case, there was a lawsuit that was brought. And my point is, if all companies, Your Honor, were 100% ethical, there'd be no need for regulations. But as ethics are compromised, regulations are required to keep the system honest and reliable. And sections. Wait a minute, then. Your answer, then, to Judge Silverman's question, and I collect the five box tops to get my secret decoder ring. That would be a gift certificate. Without, if there wasn't the D issue, yes, that's a gift certificate in the sense that an honorable company, an ethical company, that issues five box tops, and you send it in, and you get a toy. That should be a gift certificate, because the ethics of it are, that should be included. They may have to make good on it, but it may not be a gift certificate. Maybe it's promissory estoppel. Maybe it's a contract. Maybe it's other things, but it doesn't mean it's a gift certificate. Well, if they're giving value because they want, as Your Honor stated, if they're competing with other cereal companies, and you go to the cereal store, and little Johnny says, I want to buy Cheerios because I get to get the extra toy in it, if we collect five of them, that creates value for the company. And that's why they have to honor it, because, as Your Honor points out, those are gift certificates in and of themselves. And there is value. And the interesting thing is... I don't think you're stretching the word gift certificate beyond its ordinary meaning. Well, let's just look at how the judge defines gift certificates in a dictionary. I'm just telling you how American Heritage defines it, a certificate. Which it isn't. It's a box top right off the bat. Well, I would respectfully disagree. You don't see a difference between a certificate and a box top? I don't see any difference. If on that box top there was a statement saying, this box top is good for... I suppose it doesn't say that. I suppose it's just a box top. Well, we were changing all the ideas. No, I started with the... I have five box tops, I can send it in for a toy. You're saying that's a gift certificate. I'm saying... I didn't say it says I certify that this is redeemable or anything else. It's just a proof of purchase, it sounds like to me. Well, let me define it. All I can say is what this definition is, is a certificate, maybe you want to call it a box top, usually presented as a gift. Which it wouldn't be. Well, it's presented as a gift that entitles the recipient to select merchandise. The gift is presented as a gift. It's presented as a gift as part of the sale, because they didn't have to include it. That's not the merchandise they're selling. It's presented as a gift as part of the sale. They didn't have to do it, and they're getting people to buy it. Entitles the recipient to select merchandise, which they will be, of an indicated cash value at a commercial establishment. Here we have Philip Morris, fortunately for this case, in Cigarettes for Less, admitting that these had a cash value of four cents each. That's a lot of money. If you smoked a pack a day, that's $71 in cash value that you're going to have at your disposal at the end of the year. So it is cash value that they have. This is what they're doing. And what they did is they were able to now limit their risk by then later, without an expiration date, in either the catalog or on the certificate, later saying, okay, we're done. And then they had the audacity to then come back the following year, okay, we're going to start again, but all those old ones are no good. And so that's what they're able to do to the consumer, because there's no ethics. So all we are left with is regulation. And we need to follow the regulation closely, because they're going to do it again if you don't have the regulation there. And, Your Honor, we may have it with A, that's an argument. We don't need to go there, because we clearly have it with D1. But D1 is an exception to the rule. D1 is an exception to the rule. The rule is in A. D1 is an exception. And now you're saying that's why I asked the question. Now you're saying D1 is really the rule. What I'm saying is if you don't give meaning to D1, then there is no D1. The only way to give meaning to D1 is to say, and have teeth in D1, is to say that if you don't follow D1, then you will be subject to A. Tell me your distinction, then, of his example where D1 would apply. For example, the American Express, you know, points. They're not issuers. They don't issue GAAP. They're not issuers. You're saying it's more analogous that, yeah, it's not analogous, really, you're saying, because American Express doesn't issue the certificate. No, GAAP does. Right. So it's completely different. So that's why we're here. We have to give meaning to all the words. Otherwise, we might as well not have a D1. And if you don't have a D1, then it's open season again on the consumers because they don't have to put expiration dates on it. Go out and buy the Marlboro Miles again. I'm not talking about a policy matter. I'm just talking about a statutory interpretation. And that's what I am, Your Honor, too. Kagan. As briefly as you're closing, if, and this was asked of Appellant's counsel, since the district court only certified one issue, should the panel address the other issues on appeal? Your Honor, I went into detail on that, and that's the answer, short answer is no, 281292. And further, if you go into each of those issues, the judge never even reached the facts in those issues. Because in there, he never got any further because he said there was no reason to reach these factual issues at this point in time. There was a number of them. For example, in the UCL, he only went to the unlawful clause. He didn't do deceptive or unfair because he said he didn't have to go there. Thank you, Your Honor. I appreciate it. Mr. Collins, you get the last word. A few points. The district court's reference to the American Heritage Dictionary, which is on page 21 of the excerpt, is a summary of our argument and the plain language definition that we had offered and which he then rejected based on D-1. The plaintiffs have never, until they stood up this morning, said that the plain language of gift certificate applied to this. Their argument below and their argument in their briefs in this Court has always been that D-1 provided a special definition, which it doesn't. And D-1 does not require that the issuer be the same as the operator. It says, So it recognizes that the issuer who ultimately gives it to the consumer can be different from the operator of the program. So the GAP example, through American Express and Omaha States to PMUSA, fits the language perfectly, saves it from surpluses, does not require any unusual definition of gift certificate. It's also not true to say, as was said, that no expirations were on the catalogs. Each and every one of the catalogs, and we've put them in the excerpt and in our brief, I give the pages where this occurs, each and every one of them said what the window for that year was. That doesn't really matter, though, does it, whether these are gift certificates or not? It doesn't matter to whether they're gift certificates, but I think it makes clear that in the absence of gift certificate, the whole case falls apart. Because given that the dates are all in the program materials, the final cancellation is the law. That goes to his other theories, I guess. And it goes to this point that my question is, did the district judge in the first instance reach these other theories? He didn't. He said that it was not unlawful, and therefore he dropped a footnote that said I don't need to reach the unfair issue. I think you can acknowledge that there's nothing left, given that it's in the program materials. The case is over at that point. It's not particularly difficult. Thank you. We're over here, too. Okay. Thank you. Thank you. The case just started. You just submitted. Good morning. Freddie, thank you for your help this week. All right. Thank you.
judges: Silverman, Callahan, Quist